The Supreme Court affirmed the judgment of the Common Pleas on May 29th, 1885, in the following opinion, per: .
Trunkey, J.
It is settled by the verdict that at the time of the seizure of the property, Arnot demanded of the constable his right under the statute exempting property to the value of $300 from levy and sale. In utter disregard of the demand the constable sold the property. An officer who seizes property of the defendant under a lawful execution, and refuses to permit him to have the benefit of the exemption Act of April 9, 1849, P- Laws 533, suchdefendant being entitled to the exemption and having made demand, becomes liable as a trespasser ab initio; Wilson vs. Ellis, 28 Pa. St. 238. When a sheriff makes a lawful levy and sells the goods without giving the requisite notice, he is regarded as a trespasser from the beginning. In such case he has no authority to sell; Carrier vs. Esbaugh, 70 Id. 239. Nor has a constable or sheriff any authority to sell goods which the debtor is entitled to retain under the exemption Act, unless the debtor lias waived his right or neglects to make request for an appraisement. If the levy was lawful, by abuse of the authority conferred by the writ, in the denial of the debtor’s right of exemp *173 tion, the officer puts himself in the same situation as though he had acted without authority. It follows that the defendant must be regarded as having committed the trespass on the day he seized the property and the plaintiff requested the benefit of the exemption, and therefore the plaintiff had a right of action: on the 13th day of March, 1884. The defendant’s third, fourth and fifth points were rightly refused.
We shall express no opinion upon the subject of the seventh assignments of error, for that was no part of the instructions to the jury; on the contrary, they were instructed that it was the right of the constable when he received the execution to promptly levy on Arnot’s property, take it into possession, even if Ar-not was entitled to the benefit of the exemption law and made the demand, and to hold it a reasonable time to consider and perform his duty after he had made the levy. No question is-raised in this record whether such instruction was correct.
The officer charged with the execution of any warrant for the-levying upon and selling the property of a debtor, shall, if requested by the debtor, summon three persons to appraise the-property which said debtor may elect to retain, and the property thus chosen and retained, to the value of $300, shall be exempt from levy and sale on said warrant. Unless so requested, the officer is not required to summon appraisers, and may levy and sell regardless of the debtor’s right of exemption. The debtor may lose his right by neglect as well as by express waiver. And' if he made the request he may withdraw it within the life of the writ, and suffer the property to be sold in satisfaction of the debt. No consideration is required to support his waiver of the right at the time he contracts the debt, or his withdrawal of a request for an appraisement, other than the existence of the debt he owes. Hence it was error to say to the jury that the debtor, having distinctly made his claim to the officer, “cannot afterwards be deprived of it unless he waives it in consideration of some benefit received by him in lieu of it.” If that could have been hurtful to the defendant the cause must go back for another trial. The evidence was ample to warrant the finding that Arnot demanded the exemption at *174 the time of the levy. After the beginning of this suit, and on the day before the sale, the defendant took some pains, not to summon appraisers, but to get witnesses to an interview between Arnot and himself; but under the circumstances Arnot declined to talk. The defendant states the interview thus: “I told him there was some misunderstanding, as I did not understand that he claimed the benefit of the exemption law, and that I was there to know if he wanted to have the benefit of that law before I went on with the sale; he would not give me any reply; I told him I had witnesses to his action on this occasion.” “Q. He gave you no reply? A. No reply.” From that, there can be no legitimate inference of a waiver or of a withdrawal of a previous request. There being no evidence of such waiver or withdrawal the erroneous remark set out in the fourth assignment is not cause for reversal. A request had been made, a suit was pending for its refusal, and waiver or withdrawal cannot be justly inferred from the fact that the plaintiff would have no more talk about it with the defendant.
The rulings complained of in the assignments not specially, mentioned are clearly right.
Judgment affirmed.